UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **KIM LAUGA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14022** |
| **APPLIED-CLEVELAND HOLDINGS, INC., ET AL.** | **SECTION: "H"(3)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 18). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

In this action, Plaintiff Kim Lauga seeks to collect the proceeds of an optional life insurance policy covering her deceased husband Glenn Lauga. Plaintiff was designated as the primary beneficiary of optional life insurance benefits under a group policy offered by her husband's employer, Defendant Applied-Cleveland Holdings (the "Plan"). This policy was issued by Defendant Metropolitan Life Insurance Company ("MetLife"). The parties agree that the Plan is governed by ERISA.

1

At the time that he was hired in December 2009, Mr. Lauga did not elect optional life insurance benefits. Later, on March 13, 2013, he decided to obtain $200,000 in benefits through his employer. Because he did not obtain these benefits at the outset of his employment, he was required to complete a Statement of Health form and submit to a medical exam. To this end, he submitted the required form on March 14, 2013. Around March 21, 2013, the plan administrator returned the form, averring that it was incomplete. Mr. Lauga resubmitted the form by April 5, 2016. The plan administrator conducted a medical exam on July 5, 2013 and approved Mr. Lauga for the requested benefits of $200,000 on July 11, 2016. The policy went into effect on August 1, 2013.

On July 9, 2015 Mr. Lauga committed suicide, less than two years after the effective date of the policy. Because the Plan's suicide exclusion dictates that the policy proceeds are not payable if the insured commits suicide two years from the date the life insurance takes effect, Defendant MetLife has denied Plaintiff's claim for benefits. If the suicide exclusion applies, Plaintiff is entitled to the return of all premiums paid. Plaintiff filed this suit, claiming that she is in fact entitled to the proceeds of the policy due to Defendants' breaches of their fiduciary duties to Plaintiff and Mr. Lauga. Specifically, she alleges that Defendants had a duty to promptly process Mr. Lauga's application for optional life insurance coverage. She avers that their untimely processing of his application gave the policy a later effective date, causing Mr. Lauga's death to fall just inside the 2 year suicide provision. She seeks reformation of the policy. Defendant MetLife responds with the instant Motion to Dismiss, which Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

Defendant MetLife's Motion asks the Court to dismiss Plaintiff's claims for the policy proceeds as clearly disallowed under the Plan's suicide exclusion, as Mr. Lauga committed suicide on July 9, 2015, just shy of the 2 year anniversary of the August 1, 2013 effective date of the policy. Defendant also argues that any state law claims asserted in Plaintiff's Complaint are

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.

3

preempted by ERISA. In her opposition, Plaintiff disputes neither that Mr. Lauga committed suicide prior to the expiration of the 2 year policy exclusion nor that ERISA preempts all state law causes of action. Rather, she contends that the three month delay between Mr. Lauga's April 5, 2013 request for optional life insurance benefits and Defendants' July 5, 2016 medical exam constitutes a violation of fiduciary duties imposed by the Plan and by ERISA.[8] She states that the plan administrator failed to act with the requisite level of prudence and diligence in the processing of Mr. Lauga's request to obtain supplemental life insurance benefits and that this failure is the direct cause of the denial of coverage. Accordingly, she brings a claim for equitable relief, seeking reformation of the policy to reflect a new effective date. Defendant's Motion does not address this claim.

The Court finds that Plaintiff has stated a claim for relief. Under 29 U.S.C. § 1132 (a)(3), a beneficiary may bring a claim for equitable relief to redress violations of ERISA or the terms of the plan. The Supreme Court has held that reformation may be an appropriate equitable remedy in certain circumstances.[9] Accordingly, the Court finds that Plaintiff has successfully stated a claim, and the Motion to Dismiss is denied.

---

[8] The Plan indicates that its operators must administer the Plan "prudently and in the interest of you and other Plan participants and beneficiaries." Additionally, ERISA indicates that plan administrators must act "with the care, skill, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104.

[9] *CIGNA Corp. v. Amara*, 563 U.S. 421, 440 (2011).

## CONCLUSION

For the forgoing reasons, Defendant MetLife's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 15th day of December, 2016.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**